#### IN THE UNITED STATES DISTRICT COURT
#### FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| JASON CLARK, et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | Case No. CIV-23-1147-SLP |
| ) | |
| JAMES STOCKTON, et al., ) | |
| ) | |
| Defendants. ) | |

### **O R D E R**

Before the Court is Defendants James and Teresa Stockton's Motion for Attorney's Fees [Doc. No. 59]. Defendant's Motion is filed in accordance with the Court's prior Order [Doc. No. 58]. In the Court's prior Order, the Court found proper the imposition of attorney's fees as sanctions, pursuant to Rule 11 of the Federal Rules of Civil Procedure, but directed Defendants to submit supplemental briefing addressed to factors governing the amount of fees to be awarded. The sanctions are directed to Plaintiffs' counsel, James A. Conrady.[1] Mr. Conrady has not responded to the Motion.

Defendants request an award of attorney's fees in the total amount of $36,844.43. Defendants have fully addressed the factors governing the award to include: "(1) the reasonableness of the proposed fees, (2) the minimum amount required to deter misconduct, (3) the offender's ability to pay, and (4) "other factors" as the court sees fit, such as the offending party's history, experience, and ability; the severity of the violation;

---

[1] The Court's prior Order expressly finds that "the imposition of sanctions shall be directed to Attorney Conrady, and not Plaintiffs, as the record shows that is where the fault lies." Doc. 58 at 21.

and the risk of chilling zealous advocacy." *King v. Fleming*, 899 F.3d 1140, 1155 (10th Cir. 2018) (citation omitted).

As set forth, Mr. Conrady has not responded to the Motion and the Court, therefore, deems the Motion confessed. *See* LCvR 7.1(g). Moreover, upon independent review, the Court fully concurs with the analysis set forth in Defendants' Motion and finds as follows.

The Court has reviewed the evidence Defendants submit in support of their Motion, including the rates charged and the hours billed. As to the first factor, the Court finds the rates charged, and the amount of time spent on the matters are reasonable and proper.[2] There is no evidence of "overstaffing, overreasearching or overdiscovering" by Defendants' counsel. *King*, 899 F.3d at 1155 (addressing the injured party's duty to mitigate costs). To the contrary, Defendants have been efficient in their presentation of the issues and have reached out to Mr. Conrady on numerous occasions, as detailed in their

---

[2] A court determines whether requested fees are reasonable using the lodestar calculation. *See, e.g., Robinson v. City of Edmond*, 160 F.3d 1275, 1281 (10th Cir. 1998); *White v. General Motors Corp., Inc.*, 908 F.2d 675, 684 (10th Cir. 1990). The lodestar calculation multiplies the number of attorney hours reasonably expended by a reasonable hourly rate. *Robinson*, 160 F.3d at 1281; *see also King*, 899 F.3d at 1155 (recognizing in Rule 11 context that "[t]he proper procedure for determining a reasonable attorneys' fee is to arrive at a lodestar figure by multiplying the hours plaintiff's counsel reasonably spent on the litigation by a reasonable hourly rate." (citation omitted)). The lodestar method "produces a presumptively reasonable fee." *Anchondo v. Anderson, Crenshaw & Assocs., L.L.C.*, 616 F.3d 1098, 1102 (10th Cir. 2010). The Court has reviewed the declaration of Tara A. LaClair, *see* Doc. No. 59-1, the time records accompanying that declaration, the hourly rates of the billing attorneys and the related expenses incurred. The Court finds the hours billed were reasonable for the matters addressed and that the hourly rates of $450.00 to $485.00 are within the local range of hourly rates. The Court notes that one attorney, Lori T. Oliphant, charged an hourly rate of $765.00. This rate is high, but Ms. Oliphant was consulted for her expertise on ERISA and her billing was limited to only .80 hours which amounted to $612.00. Given her limited and focused involvement, the Court finds inclusion of her billing is warranted. The Court further finds the requested costs are reasonable. *See Chevron, U.S.A. v. Hand*, 763 F.2d 1184, 1187 (10th Cir. 1985) (district court has discretion to include in the Rule 11 sanction award both costs and attorney's fees).

Motion, to help diminish his exposure to sanctionable conduct and the incurrence of additional fees. Mr. Conrady has turned a blind eye to these efforts.

Addressing the second factor, the Court notes that Mr. Conrady has been undeterred to date in engaging in sanctionable conduct. As detailed in prior orders of this Court, Mr. Conrady has continued to show a disregard for the time and resources of both the Court and Defendants in this matter. He has continuously failed to respond to Defendants' motions filed in this case, which, as noted, includes the pending Motion. Most recently, he has failed to comply with the terms of a separate sanction order entered against him. *See* Order [Doc. No. 57].[3] Thus, in addition to the reasons set forth in Defendants' Motion, the Court finds this additional conduct demonstrates the amount of fees awarded in this case is necessary for deterrence.

The Court underscores that as to the third factor – the offender's ability to pay – Mr. Conrady bears the burden to prove his inability to pay an otherwise appropriate sanction. *King*, 899 F.3d at 1156. Mr. Conrady chose not to respond to Defendants' Motion and, therefore, has failed to meet his burden.[4]

Other factors further support the fee award. The Court previously dismissed a virtually identical action Mr. Conrady filed on behalf of his clients. As the Court has addressed in prior orders, this refiled action was based on allegations virtually identical to

---

[3] Indeed, this non-compliance has necessitated yet a further show-cause hearing related to Mr. Conrady's misconduct. *See* Order [Doc. No. 63].

[4] Even if the Court were not to consider this factor, the other factors addressed support the fee award.

the dismissed action. Thus, the Rule 11 pleading this Court found sanctionable, was filed not once, but twice.

The federal claims Mr. Conrady raised against Defendants were meritless if not frivolous. He haled Defendants into this Court solely on the basis of these meritless federal claims. To this end, as the record in this case reflects, Mr. Conrady was engaged in state-court litigation with these same Defendants. Defendants were successful against Mr. Conrady's clients in arbitration proceedings related to the state-court litigation. As the Court has previously found, these circumstances suggest improper forum shopping and/or abusive and oppressive litigation tactics.

Moreover, Mr. Conrady filed this action and included the signature of attorney Kelsey Baldwin as an attorney representing Plaintiffs. After lengthy and protracted efforts by the Court to ascertain whether Mr. Conrady had permission from Ms. Baldwin to do so, it was discovered he did not.

Mr. Conrady's conduct has been willful. These sanctions are necessary to remind Mr. Conrady of the importance of his ethical obligations and the seriousness of his obligations under Rule 11 -- in particular -- the obligations to certify that: (1) a pleading is not presented "for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation"; and (2) the claims, defenses, and other legal contentions are warranted by existing law". Fed. R. Civ. P. 11(b). The sanctions are necessary for their deterrent effect. The record shows, to date, Mr. Conrady has engaged in serious misconduct and when giving the opportunity to rectify that misconduct,

including payment of a sanction award, he has wholly ignored his obligations and this Court's directives.

Having considered the above factors, the Court finds that an award of attorney's fees in the total amount of $36,844.43, as requested, is both reasonable and the minimum amount necessary to deter the offending conduct.

IT IS THEREFORE ORDERED that Defendants James and Teresa Stockton's Motion for Attorney's Fees [Doc. No. 59] is GRANTED. Attorney James A. Conrady shall pay the amount of $36,844.43 in attorney's fees to Defendants James and Teresa Stockton, in care of their counsel of record.

IT IS FURTHER ORDERED that Mr. Conrady has fourteen (14) days from the date of this Order, or until August 29, 2024, to make payment of the attorney's fees. Failure to timely do so will result in the imposition of a judgment in favor of James and Teresa Stockton and against Mr. Conrady for such attorney's fees.

IT IS SO ORDERED this 15th day of August, 2024.

SCOTT L. PALK
UNITED STATES DISTRICT JUDGE