#### IN THE UNITED STATES DISTRICT COURT
#### FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| JASON CLARK, et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | Case No. CIV-23-1147-SLP |
| ) | |
| JAMES STOCKTON, et al., ) | |
| ) | |
| Defendants. ) | |

#### **O R D E R**

This matter came before the Court on August 21, 2024 for a hearing directing Attorney James A. Conrady to show cause why he should not be held in contempt. As reflected in the record [Doc. Nos. 60, 61 and 62], Mr. Conrady failed to comply with the Court's Order [Doc. No. 57] directing payment of sanctions. In the Court's Order setting the hearing [Doc. No. 63], Mr. Conrady was advised that a failure to appear may result in the imposition of additional sanctions.

Mr. Conrady failed to appear at the hearing. And at the hearing, counsel for the parties represented that to date, Mr. Conrady has made no payment of sanctions.

The Court finds Mr. Conrady is in contempt both for failing to appear at the hearing and for failing to pay the sanctions as previously ordered. "A district court has broad discretion in using its contempt power to require adherence to court orders." *Farmer v. Banco Popular of North Am.*, 557 F. App'x 762, 769 (10th Cir. 2014). The Court finds the appropriate sanction for the contempt is to reduce the sanctions award, *see* Doc. No. 57, to judgment. *See, e.g., Moore v. Harris*, 600 F. App'x 201, 205 (5th Cir. 2015) (affirming

district order converting sanctions into a judgment). Additionally, rather than impose additional financial sanctions, the professional misconduct at issue will be referred to the Chief Judge of this judicial district in accordance with LCvR 83.6(c).

IT IS SO ORDERED this 22nd day of August, 2024.

SCOTT L. PALK
UNITED STATES DISTRICT JUDGE