# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| JASON CLARK et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | Case No. CIV-23-1147-SLP |
| ) | |
| JAMES STOCKTON et al., ) | |
| ) | |
| Defendants. ) | |

## REPORT AND RECOMMENDATION

Pending before the Court is Defendants James and Teresa Stockon's oral motion to find Plaintiffs' counsel, James A. Conrady, in contempt for failure to obey this Court's asset hearing ruling and its related orders. *See* Docs. 84, 85.[1] Based on the undersigned's certification of facts below, the undersigned recommends the Court hold an evidentiary hearing on the contempt motion to consider sanctions against Mr. Conrady.

**I.  Procedure for contempt sanctions.**

"There can be no question that courts have inherent power to enforce compliance with their lawful orders through civil contempt." *Shillitani v. United States*, 384 U.S. 364, 370 (1966). Similarly, a "court's interest in ensuring a party's compliance with its orders is a great one, enforceable by fines

---

[1]  Citations to a court document are to its electronic case filing designation and pagination. Except for capitalization, quotations are verbatim unless otherwise indicated.

or imprisonment." *Ohlander v. Larson*, 114 F.3d 1531, 1541 (10th Cir. 1997) (citing *Spallone v. United States*, 493 U.S. 265, 276 (1990)).

The undersigned's power over civil contempt proceedings is circumscribed in a case referred under 28 U.S.C. § 636. If the undersigned believes an act of civil contempt has been committed:

> the magistrate judge shall forthwith certify the facts to a district judge and may serve or cause to be served, upon any person whose behavior is brought into question under this paragraph, an order requiring such person to appear before a district judge upon a day certain to show cause why that person should not be adjudged in contempt by reason of the facts so certified. The district judge shall thereupon hear the evidence as to the act or conduct complained of and, if it is such as to warrant punishment, punish such person in the same manner and to the same extent as for a contempt committed before a district judge.

*Id.* § 636(e)(6)(B)(iii).

In certifying the facts under § 636(e), the magistrate judge's role is "to determine whether the moving party can adduce sufficient evidence to establish a prima facie case of contempt." *Bowens v. Atl. Maint. Corp.,* 546 F. Supp. 2d 55, 71 (E.D.N.Y. 2008) (internal quotation marks omitted). "If the [magistrate judge] finds [the nonmovant's] explanation to be satisfactory, she may choose not to certify the matter for further proceedings . . . On the other hand, should the [magistrate judge] not be satisfied with [the nonmovant's] explanation, she cannot adjudicate the matter herself, but must follow the certification process of § 636(e)." *In re Kitterman*, 696 F. Supp. 1366, 1370 (D. Nev. 1988); *see also*

*Bowens*, 546 F. Supp. 2d at 71 ("[T]he magistrate judge may conduct a hearing, but the magistrate judge functions only to certify the facts and not to issue any order of contempt." (internal quotation marks and citation omitted).

Upon certification of the facts supporting a finding of contempt, a district court must first hold an evidentiary hearing to make de novo factual determinations, including relevant credibility determinations, before it can impose contempt sanctions. *See Bowens,* 546 F. Supp. 2d at 71 (citing *Taberer v. Armstrong World Indus., Inc.,* 954 F.2d 888, 907-08 (3d Cir. 1992)).

Defendants have moved for civil contempt. They have the "burden of proving, by clear and convincing evidence, that a valid court order existed, that [Mr. Conrady] had knowledge of the order, and that [Mr. Conrady] disobeyed the order." *United States v. Ford*, 514 F.3d 1047, 1051 (10th Cir. 2008) (quoting *Reliance Ins. Co. v. Mast Constr. Co.*, 159 F.3d 1311, 1315 (10th Cir. 1998)). The first and second requirements do not appear disputed: Mr. Conrady became aware of this Court's orders as evidenced by Defendants' filings of proof of service. Docs. 77, 80-82. The issue here is whether he has complied with this Court's orders.

## II.  Certification of facts.

I hereby find and certify the following facts material to the issue of contempt:

1. Judge Scott L. Palk referred Defendants' Motion for Order Requiring Judgment Debtor to Appear and Answer Concerning Property and Assets and for Injunction to the undersigned pursuant to 28 U.S.C. § 636(b)(3). Doc. 72.[2]

2. On April 4, 2025 this Court set the matter for a hearing on assets to be held on May 28, 2025. Doc. 74. Defendants filed proof of service, showing Mr. Conrady was served on May 23, 2025. Doc. 77.

3. Mr. Conrady failed to appear for this hearing. No contact was made with the Court Clerk and he filed no motion regarding this matter. Doc. 78.

4. The Court set a show cause hearing for June 3, 2025. Doc. 79.

5. Defendants effected service upon Mr. Conrady on May 30, 2025, both at his home and business. Docs. 80, 81.

6. Thirty-five minutes before the hearing, Mr. Conrady contacted the undersigned's chambers, stating he was letting the Court know as a "courtesy" that he would not attend the hearing, in part because he lives in Stillwater. He stated he planned to file a motion sometime on June 3, 2025, but after the hearing.

7. Mr. Conrady failed to appear at the show cause hearing and Defendants orally moved for sanctions. Docs. 84, 85.

8. Mr. Conrady did not file a motion seeking to continue the hearing or any other motion to the Court.

---

[2] On June 12, 2024, this Court issued sanctions against Mr. Conrady in the amount of $4,503.38 to be paid on or before July 3, 2024 (Doc. 57, at 23), and additional sanctions on August 15, 2024, in the amount of $36,844.43 (Doc. 64), totaling $41,347.81. Those sanctions were reduced to a judgment on August 30, 2024. Doc. 68. Defendants' counsel also filed an affidavit of garnishment. Doc. 71. Defendants now seek contempt sanctions.

### III.  Recommendation and notice of right to object.

Based on the certification of the above facts, the undersigned finds further contempt proceedings are warranted. The undersigned recommends the Court hold an evidentiary hearing regarding Defendants' request to find Mr. Conrady in contempt for failing to appear at both the hearing on assets and the show cause hearing and their request for the Court to enter a sanction of attorney's fees against Mr. Conrady.

The undersigned advises Mr. Conrady of his right to object to this Report and Recommendation. *See* 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b)(2). Any such objection must be filed with the Clerk of the Court on or before June 24, 2025. Failure to make timely objection to this Report and Recommendation waives the right to appellate review of the factual and legal issues addressed herein. *Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991).

**ENTERED** this 10th day of June 2025.

_____
SUZANNE MITCHELL
UNITED STATES MAGISTRATE JUDGE